[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
FINDINGS
1. The marriage of the parties was dissolved by this court on August 6, 1996, and an agreement entered into by the parties on that date was made an order of the court.
2. This court expressly retained jurisdiction to resolve two issues. First, what payment, if any, should be made by the plaintiff to the defendant for his payments on the mortgage on a jointly-owned rental property from May 1995 to the date of dissolution? Second, what share, if any, should the defendant have in the rentals collected on that property by the plaintiff until the property is sold pursuant to the parties' agreement?
3. The property in question is located at 103 Yale Street in Waterbury. It was purchased by the parties in 1986 for $110,000 with a downpayment of $22,000. The parties made approximately equal contributions from their own resources to the downpayment.
4. The plaintiff's mother made a gift of $14,000 toward the remaining downpayment, which the court considers to be a gift to the family inasmuch as it was expressly made by the plaintiff's mother to provide a downpayment on a property to be owned jointly by the parties.
5. In the absence of any evidence to the contrary, the court finds that the defendant's economic contributions and the plaintiff's non-economic contributions to the maintenance of this property were approximately equal.
6. Since May 1995 the defendant's wages have been CT Page 5284-B attached, as part of a bankruptcy settlement, for the purpose of paying on the outstanding mortgage on this jointly-owned property. Pursuant to a court order of May 2, 1995 (#101), which was expressly continued in effect on June 13, 1995 (#113), the defendant was authorized to collect the rents upon this property to pay off the bankruptcy debt.
7. In October 1995 the plaintiff began collecting the rents, and the deductions from the defendant's wages continued. Until July 1996 the plaintiff did not reimburse the defendant for any portion of those deductions. The amount deducted from the defendant's wages from October 1995 through June 1996 was $4,403.
8. The plaintiff is continuing to manage the parties' jointly-owned property until it is sold and to pay all expenses of the property, including full reimbursement to the defendant for the amounts being deducted from his wages and paid on the existing mortgage.
9. The maximum monthly rents, when both units in the property are rented, are $950. The minimum monthly expenses are approximately $800, including reimbursement to the defendant and excluding upkeep and maintenance of the property.
10. Pursuant to an agreement stated by the parties in court on August 6, 1996, the defendant's 50% share of unreimbursed or uninsured medical expenses of the parties' minor children is to be deducted from any surplus existing each month between the rent collected and the expenses of the property.
ORDERS
Considering all of the factors listed in § 46b-81 of the General Statutes, governing the distribution of property in dissolution matters, and taking into consideration the agreement entered into by the parties on August 6, 1996, the court enters the following orders:
1. The property at 103 Yale Street, Waterbury, shall be placed on the market for sale as soon as possible at a price to be determined by a realtor selected by the parties. The parties shall consider all offers made on the property and shall refuse no reasonable offer. Both parties are ordered to cooperate in efforts to sell the property. The court retains jurisdiction to CT Page 5284-C resolve any differences between the parties over these terms of the judgment.
2. At such time as the property is sold and after payment of the usual closing costs, pursuant to the agreement of the parties on August 6, 1996, any remaining equity shall be shared on an equal basis, provided that the plaintiff shall pay to the defendant out of her share of the equity the sum of $4,403, representing his unreimbursed payments on the mortgage from October 1995, when the plaintiff began collecting the rents, to July 1996, when the plaintiff began reimbursing the defendant for those contributions. No interest is ordered on this sum. In no event shall the plaintiff be liable for any sum in excess of her 50% share of the equity in the property.
3. Prior to the sale of the property, the plaintiff shall be solely responsible for its management. She may retain all revenues generated from rental income after payment of expenses, including reimbursement of the defendant for his payments on the mortgage.
4. The defendant shall provide medical insurance for the parties' minor children as available to him through his employment. The plaintiff shall provide her own medical insurance. The defendant's 50% share of unreimbursed or uninsured medical expenses shall be deducted by the plaintiff from the rental proceeds except that, if the defendant becomes unemployed or otherwise does not provide health insurance for the minor children, he shall pay his share of uninsured medical expenses directly to the plaintiff, and those payments shall not be taken out of the surplus of rental payments. Likewise, once the property is sold, the defendant shall pay his 50% share of unreimbursed and/or uninsured medical expenses directly to the plaintiff promptly upon receipt of copies of the bills of any medical service providers.
5. The plaintiff shall obtain from the clerk's office and prepare a judgment file within 30 days of this date, incorporating the terms of the agreement of the parties which became a court order on August 6, 1996, as well as the provisions of these orders.
SHORTALL, J. CT Page 5284-D